IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA MURACO, | : |
| Plaintiff, | : |
| vs. | : Case No. _____ |
| SANDALS RESORTS INTERNATIONAL, | : |
| Defendant. | : |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Sandals Resorts International, Ltd. ("SRI") hereby files this Notice of Removal of this action from the Supreme Court of the State of New York, County of Kings to the United States District Court for the Eastern District of New York, and states as follows:

1. Defendant SRI has been sued in an action in the Supreme Court of the State of New York, County of Kings, Index No. 504374/2014 entitled Lisa Muraco v. Sandals Resorts International. A copy of the Summons and Complaint is annexed hereto as Exhibit "A." These documents constitute all process, pleadings and orders in such proceeding purportedly served on SRI.

2. This Notice is being filed within thirty (30) days of purported service on SRI of the Summons and Complaint, on or about August 11, 2014. This Notice of Removal is therefore timely and proper under 28 U.S.C. § 1446(b).

3. Defendant SRI removes this action to the United States District Court for the Eastern District of New York, pursuant to the provisions of 28 U.S.C. § 1441(a), on the grounds that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, there being diversity of

-2-

citizenship at the time of the commencement of the action and at this time between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

4. In the Complaint, Plaintiff alleges that she is a citizen of New York. SRI is a Jamaican limited liability company with its principal place of business in Jamaica. As a result, there is complete diversity of citizenship amongst the parties to this action.

5. This is a civil action wherein Plaintiff seeks to recover damages for injuries allegedly suffered as a result of a mirror falling on her foot.

6. Although the Complaint does not demand a specific amount of damages, it alleges that Plaintiff is "sick, sore, lame and disabled, was confined to bed and home for a long period of time, was caused to expend large sums of money for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for a long period of time." (Complaint ¶ 11).

7. The Complaint seeks damages for "conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost earnings, past and future, and all other recoverable items under New York State law." (Complaint, WHEREFORE clause).

8. Therefore, based upon the description of the alleged injuries and damages, the $75,000 amount in controversy requirement, exclusive of interest, is satisfied.

9. Accordingly, this action may be properly removed to this Court pursuant to 28 U.S.C. § 1441.

85527083.2

10. SRI reserves all rights, claims and defenses, including, but not limited to, defenses based on service of process, jurisdiction, venue and *forum non conveniens*.

Dated: August 18, 2014

                    Respectfully submitted,

                    /s/ David B. Newman

                    David B. Newman (DN 9577)
                    DAY PITNEY LLP
                    7 Times Square, 20th Floor
                    New York, New York 10036
                    Telephone:   (212) 297-5832
                    Facsimile:    (212) 881-9034
                    Email:         dnewman@daypitney.com

                    *Attorneys for Defendant*
                    *Sandals Resorts International, Ltd.*

85527083.2

# EXHIBIT A

FILED: KINGS COUNTY CLERK 05/14/2014
NYSCEF DOC. NO. 1

INDEX NO. 504374/2014
RECEIVED NYSCEF: 05/14/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x

LISA MURACO,

                              Plaintiff,

-against-

SANDALS RESORTS INTERNATIONAL,

                              Defendant,

-----------------------------------------------------------------x

**SUMMONS**

**Index No.:**
**Date Purchased:**

Plaintiff designates Kings
County as the place of trial

Basis of Venue: Residence of Plaintiff

Residence of Plaintiff:
1572 Marine Parkway
Brooklyn, New York 11234

To the above named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        May 12, 2014

                                            SACKS AND SACKS, LLP

                                            By: S WADE TURNBULL, ESQ.
                                            *Attorney(s) for Plaintiff*
                                            *Office and Post Office Address*
                                            150 Broadway - 4th Floor
                                            New York, New York 10038
                                            (212) 964-5570

Defendants' Addresses:

Sandals Resorts International
5 Kent Avenue
Montego Bay, St. James, Jamaica

FILED: KINGS COUNTY CLERK 05/14/2014
NYSCEF DOC. NO. 1

INDEX NO. 504374/2014
RECEIVED NYSCEF: 05/14/2014

FILED: KINGS COUNTY CLERK 05/14/2014
NYSCEF DOC. NO. 2

INDEX NO. 504374/2014
RECEIVED NYSCEF: 05/14/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
LISA MURACO

                        Plaintiffs,          **VERIFIED COMPLAINT**

       -against-

SANDALS RESORTS INTERNATIONAL,         **Index No.:**

                        Defendant.
------------------------------------------------------------X

       Plaintiff, complaining of the defendants, by her attorneys, **SACKS & SACKS, LLP**, respectfully alleges as follows:

       **FIRST**: That at all times herein mentioned, defendant, **SANDALS RESORTS INTERNATIONAL**, was and still is a corporation duly organized and existing under and by virtue of the laws of the State of Florida.

       **SECOND:** That at all times herein mentioned, defendant, **SANDALS RESORTS INTERNATIONAL**, was and is doing business in the State of New York in that it directly or through its agents regularly transacts business with residents of the State of New York, it directly or through its agents advertises and solicits business in the State of New York, and a substantial part of its revenue is derived from business it transacts with residents of the State of New York.

       **THIRD:** That at all times mentioned the contacts of defendant, **SANDALS RESORTS INTERNATIONAL**, with the State of New York were so systematic and continuous that defendant, **SANDALS RESORTS INTERNATIONAL**, reasonably should have anticipated being hailed into the courts of the State of New York for any action arising from its activities in the State of New York.

       **FOURTH:** That at all times herein mentioned, plaintiff was and is a resident of Kings County, New York.

**FIFTH:** That on or around May, 24, 2011, plaintiff entered into a contract with defendant **SANDALS RESORTS INTERNATIONAL** through its agent, Unique Vacations, Inc., for **SANDALS RESORTS INTERNATIONAL** to provide accommodations to plaintiff at Sandals Grande St. Lucian hotel and resort in St. Lucia.

**SIXTH:** That at all times mentioned herein, defendant, **SANDALS RESORTS INTERNATIONAL**, was the owner and property manager of Sandals Grande St. Lucian resort in St. Lucia.

**SEVENTH:** That defendant, **SANDALS RESORTS INTERNATIONAL**, took plaintiff's reservation using interstate wires and invoiced her for using interstate wires while plaintiff was in the State of New York;

**EIGHTH:** That on or around October 21, 2011, while plaintiff was staying at the Sandals Grande St. Lucian resort in St. Lucia she was caused to sustain serious injury to her right foot when a mirror in her hotel suite fell from a wall and crushed her foot.

**NINTH:** That at all times mentioned here, defendant, **SANDALS RESORTS INTERNATIONAL**, failed to provide accommodations that were reasonably safe and that did not pose a risk of injury to guests, failed to adequately and properly secure the mirror at issue to the wall, failed to inspect and to take reasonable measures to ensure that said mirror was properly and adequately secured to the wall, allowed to continue to exist a latent defect in the premises that posed an unreasonable risk of injury and harm to guests thereat, and failed to warn plaintiff of the inadequately secured mirror and of the risk it posed.

**TENTH:** That plaintiff was free from comparative fault.

**ELEVENTH:** That As a result of the aforesaid acts and omissions of defendant, **SANDALS RESORTS INTERNATIONAL**, plaintiff was rendered sick, sore, lame and disabled, was confined to bed and home for a long period of time; was caused to expend large sums of money for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for a long period of time.

**TWELFTH:** The monetary damages sustained by plaintiff exceed the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

**WHEREFORE**, the plaintiff demands relief against the defendants for conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost earnings, past and future, and all other recoverable items under New York State law.

                                        **SACKS AND SACKS, LLP**
                                        Attorneys for Plaintiff(s)
                                        Office & P.O. Address:
                                        150 Broadway - 4th Floor
                                        New York, New York 10038
                                        (212) 964-5570

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, **S. WADE TURNBULL**, am an attorney duly admitted to practice in the courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s), I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: facts, investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a County other than where deponent maintains his office.

Dated: New York, New York
       May 12, 2014

_____
S. WADE TURNBULL, ESQ.