UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

LISA MURACO,

                              Plaintiff,

           v.

SANDALS RESORTS INTERNATIONAL, JAIRO
HOLDINGS LIMITED and JAIRO
MANAGEMENT LIMITED,

                              Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
14-CV-4896 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Lisa Muraco brings the above-captioned action against Defendants Sandals

Resorts International ("Sandals"), Jairo Holdings Limited and Jairo Management Limited,

seeking monetary damages for personal injuries suffered as a result of an accident allegedly

caused by Defendants. Plaintiff commenced the action against Sandals on May 14, 2014, in the

Supreme Court of the State of New York, Kings County. (Compl., annexed to Notice of

Removal as Ex. A, Docket Entry No. 1.) On August 18, 2014, Sandals removed the case from

the New York State Supreme Court, Kings County, to this Court. (Notice of Removal, Docket

Entry No. 1.) On October 17, 2014, Plaintiff filed an Amended Complaint adding Jairo Holdings

Limited and Jairo Management Limited as defendants. (Am. Compl., Docket Entry No. 9.)

Defendants now move to dismiss the Amended Complaint for lack of personal jurisdiction,

*forum non conveniens* and insufficient service of process. (Mot. to Dismiss, Docket Entry

No. 21.) For the reasons set forth below, the Court grants the motion to dismiss.

### I. Background

      Plaintiff alleges that on October 21, 2011, while vacationing at the Sandals Grande St.

Lucian Resort (the "Resort"), she was injured when a mirror fell off a wall in her room and landed on her right foot. (Am. Compl. ¶ 27.) The accident occurred at night and was witnessed by Plaintiff's husband. (Pl. Opp'n to Mot. to Dismiss ("Pl. Opp'n") 2, Docket Entry No. 19.) Plaintiff received treatment in St. Lucia and "underwent extensive care" upon her return to New York. (*Id.* at 2.) Plaintiff asserts that the accident was caused by Defendants' "negligence, carelessness and recklessness" and that Defendants "kept the premises in a dangerous and hazardous condition for guests . . . ." (Am. Compl. ¶ 27.)

Plaintiff is a resident of New York. (*Id.* ¶ 3.) Sandals maintains offices in Jamaica. (*Id.* ¶ 4.) According to Defendants, Sandals is incorporated under the laws of Jamaica.[1] (Defs. Mem. in Supp. of Mot. to Dismiss ("Defs. Mem.") 1, Docket Entry No. 27.) Jairo Holdings Limited and Jairo Management Limited maintain offices in St. Lucia.[2] (Am. Compl. ¶¶ 8, 11.)

## II. Discussion

### a. Standards of review

#### i. Rule 12(b)(2) — personal jurisdiction

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "[a] plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)). The showing a plaintiff must make to meet that burden is governed by a "sliding scale," which "varies depending on the procedural posture of

---

[1] Plaintiff states in the Amended Complaint that Sandals is incorporated under the laws of Florida. (Am. Compl. ¶ 5.)

[2] The Amended Complaint does not state where Jairo Holdings Limited and Jairo Management Limited are incorporated. Defendants state that they are incorporated under the laws of St. Lucia. (Defs. Mem. 1.)

the litigation." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). If a defendant challenges personal jurisdiction by filing a Rule 12(b)(2) motion, "the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." *Id.* at 85 (quoting *Ball*, 902 F.3d at 197); *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167–68 (2d Cir. 2015) (same). Prior to discovery, a plaintiff need only plead "an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant." *Dorchester*, 722 F.3d at 84 (quoting *Ball*, 902 F.3d at 197); *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015) ("A *prima facie* case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998))). After discovery, the plaintiff's *prima facie* showing must be factually supported. *Dorchester Fin. Sec.*, 722 F.3d at 85 (quoting *Ball*, 902 F.3d at 197).

The court must "construe the pleadings and any supporting materials in the light most favorable to the plaintiffs." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir.2013) (citing *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)); *Grundstein v. Eide*, 598 F. App'x 45, 46 (2d Cir. 2015) (citing *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)). However, the court need not "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Jazini*, 148 F.3d at 185), *cert. denied sub nom. O'Neill v. Al Rajhi Bank*, 134 S. Ct. 2870 (2014). In resolving a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), a district court may consider materials outside the pleadings. *Dorchester Fin. Sec.*, 722 F.3d at 86 (citing *S. New Eng. Tel. Co. v. Global NAPs*

*Inc.*, 624 F.3d 123, 138 (2d Cir. 2010)); *Pinto-Thomaz v. Cusi*, No. 15-CV-1993, 2015 WL 7571833, at *3 (S.D.N.Y. Nov. 24, 2015) (citing *DiStefano*, 286 F.3d at 84).

In a diversity case, personal jurisdiction is determined by the law of the state in which the court sits. *Ash v. Richards*, 572 F. App'x 52, 53 (2d Cir. 2014) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). The court must first look to the state's long-arm statute. *Whitaker*, 261 F.3d at 208. If the court can exercise jurisdiction pursuant to the long-arm statute, the court must subsequently determine whether the exercise of personal jurisdiction over the defendant would comport with the Due Process Clause of the United States Constitution. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) ("If, but only if, our answer is in the affirmative, we must then determine whether asserting jurisdiction under that provision would be compatible with requirements of due process established under the Fourteenth Amendment to the United States Constitution." (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).

### ii. Forum non conveniens

"[*F*]*orum non conveniens* is a discretionary device permitting a court in rare instances to dismiss a claim even if the court is a permissible venue with proper jurisdiction over the claim." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 100 (2d Cir. 2000) (citation and internal quotation marks omitted); *see also Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) ("The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947))). "The central purpose of any *forum non conveniens* inquiry is . . . to ensure that the trial is convenient." *Norex*, 416 F.3d at 154 (alteration and internal quotation marks omitted) (quoting *Piper Aircraft Co. v.*

*Reyno*, 454 U.S. 235, 256 (1981)). In deciding such a motion, the Court may look beyond the pleadings and consider affidavits or declarations from the parties. *Wenzel v. Marriott Int'l, Inc.*, No. 13-CV-8335, 2014 WL 6603414, at *2 (S.D.N.Y. Nov. 17, 2014) ("*Forum non conveniens* motions may be decided on the basis of affidavits or declarations without requiring the parties to engage extensive discovery." (citations omitted)), *aff'd*, --- F. App'x ---, 2015 WL 6643262 (2d Cir. Nov. 2, 2015); *see also Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 697 (2d Cir. 2009) (noting that the district court decided the motion to dismiss for *forum non conveniens* on the basis of "the pleadings, affidavits and briefs of the parties — a practice long recognized as acceptable and followed from time immemorial"). "The decision to dismiss a case on *forum non conveniens* grounds lies wholly within the broad discretion of the district court . . . ." *Wenzel v. Marriott Int'l, Inc.*, --- F. App'x ---, ---, 2015 WL 6643262, at *1 (2d Cir. Nov. 2, 2015) (quoting *Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc)).

### b. Personal jurisdiction

"There are two types of personal jurisdiction: specific and general." *Sonera Holding B.V. v. Çukurova Holding A.Ş.*, 750 F.3d 221, 225 (2d Cir.), *cert. denied*, 134 S. Ct. 2888 (2014). Specific jurisdiction requires a connection between the forum exercising jurisdiction over the defendant and the underlying controversy that gave rise to the claim. *Id.* ("Specific or conduct-linked jurisdiction . . . 'depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation.'" (alteration omitted) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. ---, ---, 131 S. Ct. 2846, 2851 (2011)). General jurisdiction permits a court to exercise personal jurisdiction over a defendant regardless of whether the underlying claim has a connection to the forum. *Id.* ("A court with general jurisdiction over a

corporation may adjudicate *all* claims against that corporation — even those entirely unrelated to the defendant's contacts with the state.").  Under New York law, courts exercise specific jurisdiction pursuant to N.Y. C.P.L.R. section 302 and general jurisdiction pursuant to N.Y. C.P.L.R. section 301.

Although Defendants argue that the Court lacks both specific and general personal jurisdiction under New York's long-arm statute, (Defs. Mem. 5–11), Plaintiff argues only that the Court has specific jurisdiction pursuant to N.Y. C.P.L.R. § 302(a)(3), (Pl. Opp'n 2–4).  The Court addresses both.

### i.    Specific jurisdiction — N.Y. C.P.L.R. § 302

Defendants argue that the Court cannot exercise specific jurisdiction under New York's long-arm statute because Defendants (1) do not "transact business" in the state (section 302(a)(1)); (2) have not committed any tortious act within New York (section 301(a)(2)); (3) have not committed any tortious act outside New York that has had any effect within the state (section 301(a)(3)); and (4) do not own, use, or possess any real property in New York State (section 302(a)(4)).  (Defs. Mem. 9–11.)  Plaintiff argues that because Defendants have committed a tortious act outside the state that has caused injury within the state, section 302(a)(3) confers specific jurisdiction over Defendants.[3]  (Pl. Opp'n 2.)

Section 302(a)(3) permits courts to exercise specific jurisdiction over a non-domiciliary corporation that commits a tortious act outside New York State but causes harm to someone in the state if either of two conditions are present.  *See Doe v. Del. State Police*, 939 F. Supp. 2d 313, 325–26 (S.D.N.Y. 2013) (citing *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214

---

[3]  Because Plaintiff argues only that the Court has personal jurisdiction over Defendants pursuant to section 302(a)(3), the Court declines to consider Defendants' arguments pursuant to sections 302(a)(1), (2) and (4).

(2000)).  A court may exercise personal jurisdiction over a corporation pursuant to subsection 302(a)(3)(i) if the entity "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state."  N.Y. C.P.L.R. § 302(a)(3)(i).  A court can also exercise personal jurisdiction over a corporation pursuant to subsection 302(a)(3)(ii) if the corporation "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  N.Y. C.P.L.R. § 302(a)(3)(ii); *see also Cont'l Indus. Grp., Inc. v. Equate Petrochem. Co.*, 586 F. App'x 768, 771–72 (2d Cir. 2014) (discussing N.Y. C.P.L.R. § 302(a)(3)(ii)).  Plaintiff does not specify under which subsection of section 302(a)(3) she is asserting personal jurisdiction.  However, Plaintiff argues that Defendants reasonably should have expected their actions to have consequences in New York and that Defendants derive substantial revenue from interstate commerce.  (Pl. Opp'n 2–4.)  The Court understands Plaintiff to be asserting jurisdiction pursuant to section 302(a)(3)(ii).

In order to successfully assert jurisdiction under section 302(a)(3)(ii), a plaintiff must establish that:

> (1) the defendant's tortious act was committed outside New York, (2) the cause of action arose from that act, (3) the tortious act caused an injury to a person or property in New York, (4) the defendant expected or should reasonably have expected that his or her action would have consequences in New York, and (5) the defendant derives substantial revenue from interstate or international commerce.

*Penguin Group (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (citing *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214 (2000)).

Plaintiff argues that Defendants cannot dispute that she has met the first three elements based on her allegations that Defendants committed a tortious act outside New York and that those acts caused injury within New York.  (Pl. Opp'n 3.)  Plaintiff also argues that she has

established the final two elements because Defendants should have expected the consequences and Defendants derive substantial revenues from interstate commerce. (*Id.* at 3–4.) Defendants contend that because this is a personal injury action, the injury to Plaintiff was caused in St. Lucia where the accident occurred, not New York, where Plaintiff may still be experiencing the effects of the injury. (Reply in Supp. of Mot. to Dismiss 4 ("Def. Reply"), Docket Entry No. 28.)

In determining the third element, where the injury was caused, courts apply a "situs-of-injury test," which requires the court "to locate the 'original event which caused the injury.'" *Whitaker*, 261 F.3d at 209 (quoting *Bank Brussels Lambert*, 171 F.3d at 791); *see also United Mobile Techs., LLC v. Pegaso PCS, S.A. de C.V.*, 509 F. App'x 48, 50 (2d Cir. 2013) ("New York courts apply the 'situs-of-injury' test which asks where the 'original event which caused the injury' occurred." (quoting *Whitaker*, 261 F.3d at 209)). The situs of the injury for the purpose of section 302(a)(3)(ii) "is the place where the *underlying, original event occurred which caused the injury . . . not the location where the resultant damages are felt by the plaintiff.*" *M & M Packaging, Inc. v. Kole*, 298 F. App'x 39, 42 (2d Cir. 2008) (quoting *Whitaker*, 261 F.3d at 209). Moreover, "[i]t is well-settled that 'residence or domicile of the injured party within [New York] is not a sufficient predicate for jurisdiction' under section 302(a)(3)." *Troma Entm't*, 729 F.3d at 218 (alteration in original) (quoting *Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 (1980)); *see also Domond v. Great Am. Recreation, Inc.*, 116 F. Supp. 2d 368, 373–74 (E.D.N.Y. 2000) ("The mere residence or domicile in New York of an injured plaintiff does not constitute injury within the state for the purpose of establishing jurisdiction under CPLR 302(a)(3) where the injury occurred elsewhere." (citing *Bramwell v. Tucker*, 484 N.Y.S.2d 92, 93 (App. Div. 1985))).

Here, Plaintiff's foot was injured by the falling mirror at the Resort in St. Lucia, thus the situs of the injury is St. Lucia. Under section 302(a)(3), the fact that Plaintiff is a New York resident and continued to suffer pain in New York as a result of the injury is not relevant. *See Thackurdeen v. Duke Univ.*, No. 14-CV-6311, 2015 WL 5155890, at *11 (S.D.N.Y. Sept. 2, 2015) ("While [p]laintiffs undoubtedly continued to experience pain and suffering . . . upon their return to New York, a litigant may not carry an injury home for purposes of section 302(a)(3)." (citations omitted)); *Wilson v. Danka Corp.*, No. 01-CV-10592, 2002 WL 31929120, at *3 (S.D.N.Y. Jan. 28, 2003) ("The fact that the consequences of these alleged acts may have continued in New York does not make New York the site of the tort." (citations omitted)); *Domond*, 116 F. Supp. 2d at 374 ("While [the plaintiff] continues to suffer the damages resulting from that accident at her home in New York, the locus of the injury was not in the State of New York, and thus, outside the scope of CPLR § 302(a)(3).").

Plaintiff argues that even though the injury to her foot from the falling mirror occurred in St. Lucia, it caused injury to her in New York State, where she continued to suffer from her injury and underwent extensive medical treatment and, given Defendants' contacts with the state of New York, Defendants had reason to expect that the injury to her foot would have consequences in New York. (Pl. Opp'n 3–4.) In support of her argument, Plaintiff relies on the New York Court of Appeals decision in *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210 (2000). In *LaMarca*, a products liability action, the defendant manufactured garbage hauling equipment in Texas, which it sold to its New York distributor who sold the equipment to the Town of Niagara. *Id.* at 213. The plaintiff was an employee of the Town of Niagara who was injured when he fell from a sanitation truck equipped with the allegedly defective equipment. *Id.* The New York Court of Appeals held that section 302(a)(3)(ii) does not require that a defendant

"foresee the specific event that produced the alleged injury," but rather "[t]he defendant need only reasonably foresee that any defect in its product would have direct consequences within the State." *Id.* at 215. The Court of Appeals concluded that the defendant reasonably should have expected the injury that occurred in New York because the defendant's invoice stated that the product was destined for use in New York. *Id.* Here, unlike in *LaMarca*, Plaintiff's injury occurred in St. Lucia not in New York. Thus, *LaMarca* is factually distinguishable and provides no support for Plaintiff's claim. The fact that Plaintiff continues to suffer in New York from her injury in St. Lucia does not change the situs of the injury. Thus, the Court cannot exercise personal jurisdiction over Defendants pursuant to section 302(a)(1)(ii).

### ii. General jurisdiction — N.Y. C.P.L.R. § 301

Defendants argue that they "do not 'do business' in New York" sufficiently to satisfy the jurisdictional requirements of N.Y. C.P.L.R. section 301. (Defs. Mem. 8.) Plaintiff has not responded to this argument.

Under New York law, a court may exercise general jurisdiction over a foreign defendant who is "doing business" in New York "with a fair measure of permanence and continuity." *Sonera Holding*, 750 F.3d at 225 n.2 (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267 (1917)); *Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 55 (2d Cir. 2014) (quoting *Laufer v. Ostrow*, 55 N.Y.2d 305, 309–10 (1982)). However, "a court may assert jurisdiction over a foreign corporation 'to hear any and all claims against it' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. ---, ---, 134 S. Ct. 746, 751 (2014) (alterations omitted) (quoting *Goodyear*, 564 U.S. at ---, 131 S. Ct. at 2851).

The Court declines to determine whether section 301 is applicable to these facts because there are no facts to support a finding that the exercise of general jurisdiction would comport with due process. Plaintiff has not alleged that Defendants' principal places of business are in New York, that Defendants are incorporated in New York or that Defendants' activities in New York, as compared to their international activities, would otherwise indicate that Defendants are "at home" in New York State. Therefore, the Court cannot exercise personal jurisdiction pursuant to section 301. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) ("[A] corporation may nonetheless be subject to general jurisdiction in a state only where its contacts are so 'continuous and systematic,' judged against the corporation's national and global activities, that it is 'essentially at home' in that state." (quoting *Daimler*, 571 U.S. at ---, 134 S. Ct. at 761–62)); *Sonera Holding*, 750 F.3d at 225 ("The paradigm forum for general jurisdiction over an individual is the individual's domicile, his home. For a corporation, it is an equivalent place, with the place of incorporation and the principal place of business being the paradigm bases.").

Plaintiff's allegations fail to demonstrate that the Court has specific or general jurisdiction over Defendants. Accordingly, the Court grants Defendants' motion to dismiss the Amended Complaint for lack of personal jurisdiction.

### c. *Forum non conveniens*

The Court also dismisses the Amended Complaint for *forum non conveniens*. In deciding a motion to dismiss for *forum non conveniens*, the court is required to consider (1) "the degree of deference properly accorded to the plaintiff's choice of forum," (2) "whether an adequate alternative forum exists" and (3) the balance of "public and private interests implicated in the choice of forum." *Rentokil-Initial Pension Scheme v. Citigroup Inc.*, 614 F. App'x 27, 28

(2d Cir. 2015) (citing *Iragorri*, 274 F.3d at 70–74).  The Court considers each factor below.

### i.  Deference

Plaintiff argues that her choice of forum merits deference and should not be disturbed because she brought suit in her home state.  (Pl. Opp'n 6.)  Defendants argue that any deference owed to Plaintiff's choice of forum is overcome in this case because "the core operative facts upon which the litigation is brought bear little connection to the chosen forum."  (Defs. Mem. 12–13 (quoting *In re Alcon S'holder Litig.*, 719 F. Supp. 2d 263, 269 (S.D.N.Y. 2010)).)

"[A] court reviewing a motion to dismiss for *forum non conveniens* should begin with the assumption that the plaintiff's choice of forum will stand unless the defendant meets the burden of demonstrating" that the balance of conveniences weighs strongly in its favor.  *Iragorri*, 274 F.3d at 71 (interpreting *Gilbert*, 330 U.S. at 508).  However, this "deference is not dispositive" and "dismissal should not be automatically barred when a plaintiff has filed suit in his home forum."  *Id.* (quoting *Piper Aircraft*, 454 U.S. at 256 n.23); *see also Norex*, 416 F.3d at 154 ("The reason great deference is generally afforded a plaintiff's choice of its home forum 'is because it is presumed to be convenient.' . . .  Th[is] presumption[], however, may not apply, either at all or with full force, to forum choices in particular cases." (quoting *Iragorri*, 274 F.3d at 71)).  The deference owed to a plaintiff's choice "moves on a sliding scale" that depends on the following considerations:

> The more it appears that a domestic or foreign plaintiff's choice of forum has been dictated by reasons that the law recognizes as valid, the greater the deference that will be given to the plaintiff's forum choice.  Stated differently, the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for *forum non conveniens*. . . . On the other hand, the more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping

reasons . . . the less deference the plaintiff's choice commands . . . .

*Iragorri*, 274 F.3d at 71–72. Where the operative facts occurred outside the forum, a plaintiff's choice is afforded less deference, even if they have chosen their home forum. *See Wenzel*, --- F. App'x. at ---, 2015 WL 6643262, at *1 (affirming district court's finding that while "a plaintiff's choice of forum is entitled to greater deference" that "choice is afforded less weight" when "none of the operative facts of the action occurred in the plaintiff's chosen forum" (quoting *Wenzel*, 2014 WL 6603414, at *3)); *In re Herald*, 540 F. App'x 19, 26 (2d Cir. 2013) (affirming district court's finding that the plaintiffs' choice of forum merited "very limited deference" because, *inter alia*, "the core operative facts of these cases involve the operations of foreign entities outside of the United States"), *reh'g denied*, 753 F.3d 110 (2d Cir. 2014) and *cert. denied sub nom. Davis v. Kohn*, 135 S. Ct. 1701 (2015).

Here, Plaintiff brought the suit in her home state of New York but the operative facts of the action occurred in St. Lucia. Thus, Plaintiff's choice merits very little deference on the sliding scale. *See Wenzel*, 2014 WL 6603414, at *3 (affording "little deference" to the plaintiffs' choice to sue in their home state of New York because the alleged negligence and injury occurred in Aruba).

### ii. Adequate alternative forum

Defendants argue that St. Lucia is an adequate alternative forum in which Plaintiff may litigate her claims. (Defs. Mem. 13.) Plaintiff does not contest this assertion and instead argues that St. Lucia's adequacy as an alternative forum does not outweigh the deference owed to her choice of forum. (Pl. Opp'n 6.)

In determining the adequacy of an alternative forum, the court must consider whether

such a forum exists and whether the defendant is amendable to service of process in that forum.[4]
*Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir. 2009) ("A forum in which defendants are

amenable to service of process and which permits litigation of the dispute is generally adequate."

(citing *Norex*, 416 F.3d at 157)); *see also Wenzel*, --- F. App'x at ---, 2015 WL 6643262, at *1

(same). "[T]he adequacy of an alternative forum does not require the causes of action,

procedures, or remedies that are available to be identical to those in the United States." *Wenzel*,

--- F. App'x at ---, 2015 WL 6643262, at *1 (quoting *Wenzel*, 2014 WL 6603414, at *5)

("'[S]ome inconvenience or the unavailability of beneficial litigation procedures similar to those

available in the federal district courts does not render an alternative forum inadequate,' nor does

'the fact that a plaintiff might recover less in an alternate forum . . . render that forum

inadequate.'" (first quoting *Borden, Inc. v. Meiji Milk Prods. Co.*, 919 F.2d 822, 829 (2d Cir.

1990); then quoting *Figueiredo Ferraz e Engenharia de Projeto Ltda. v. Republic of Peru*, 665

F.3d 384, 391 (2d Cir. 2011))). If a defendant demonstrates that there is an available and

adequate forum, unless the plaintiff demonstrates inadequacy, a court is precluded "from

adversely judging the quality of a foreign justice system." *Abdullahi*, 562 F.3d at 189 (citations

omitted) (explaining that the plaintiff bears the initial burden "of producing evidence of

corruption, delay or lack of due process," but that the defendant bears the ultimate burden of

persuasion"). If there is no adequate alternative forum, the court must deny the motion. *See*

---

[4] Defendants are "amenable to process" in St. Lucia as they have consented to the jurisdiction of the courts of St. Lucia and have agreed not to contest service of process in St. Lucia for the purposes of this action. (Defs. Mem. 14.) *See Rentokil-Initial Pension Scheme v. Citigroup Inc.*, 614 F. App'x 27, 28 n.1 (2d Cir. 2015) (affirming district court's conditioning *forum non conveniens* dismissal on the defendants' consent to jurisdiction in the alternative forum where the defendants did so consent); *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 21 (2d Cir. 2015) (finding Germany was an adequate alternative forum, in part, because the defendant "stipulated to jurisdiction" in the foreign forum).

*id.* at 189 ("Dismissal is not appropriate if an adequate and presently available alternative forum

does not exist." (citing *Norex,* 416 F.3d at 159)); *Norex*, 416 F.3d at 160 ("[B]ecause defendants

failed to carry their burden to demonstrate that Russia affords plaintiff a presently available

adequate alternative forum, the motion to dismiss on *forum non conveniens* grounds should have

been denied without consideration of the third step of analysis."); *DiRienzo v. Philip Servs.*

*Corp.*, 294 F.3d 21, 29 (2d Cir. 2002) ("A *forum non conveniens* motion cannot be granted

absent an adequate alternative forum." (citations omitted)).

Defendants assert that St. Lucia's legal system is based on that of the United Kingdom

and is similar to the legal systems of other former British colonies and that Plaintiff can pursue

her claims in the courts of St. Lucia. (Defs. Mem. 14; Decl. of Christopher Alexander Bota

McNamara ("Bota McNamara Decl.") 1–2, 4, Docket Entry No. 23). Defendants further contend

that St. Lucia recognizes negligence claims, that Plaintiff would be able to recover both

pecuniary and non-pecuniary losses, and that the courts of St. Lucia provide for pre-trial

discovery. (Defs. Mem. 15–16; Bota McNamara Decl. 7, 8, 15–16.)

As noted above, Plaintiff does not contest that St. Lucia is an adequate alternative forum.

(Pl. Opp'n 6.) Moreover, several courts have found that St. Lucia and other similar forums

whose legal systems are the product of British law are adequate alternative forums.[5] *See DeSirey*

*v. Unique Vacations, Inc.*, No. 13-CV-881, 2014 WL 272369, at *1 (E.D. Mo. Jan. 24, 2014)

(finding St. Lucia to be an adequate alternative forum); *Delgado v. Shell Oil Co.*, 890 F. Supp.

---

[5] The legal systems of several Caribbean countries that are former British colonies, including St. Lucia, Jamaica, Antigua and Dominica, "retained the English common law as their legal system" and "the Privy Council in England as their final court of appeal" even after independence. *See generally* Leonard Birdsong, *The Formation of the Caribbean Court of Justice: The Sunset of British Colonial Rule in the English Speaking Caribbean*, 36 U. Miami Inter-Am. L. Rev. 197, 198–99 & n.12 (2005).

1324, 1365 (S.D. Tex. 1995) (finding St. Lucia to be an adequate alternative forum), *aff'd*, 231

F.3d 165 (5th Cir. 2000); *see also Francois ex rel. Estate of Francois v. Hartford Holding Co.*,

424 F. App'x 138, 139 (3d Cir. 2011) (affirming Dominica as an adequate alternative forum);

*Seales v. Panamanian Aviation Co.*, 356 F. App'x 461, 464 (2d Cir. 2009) (affirming Jamaica as

an adequate alternative forum); *Feinstein v. Curtain Bluff Resort*, No. 96-CV-8860, 1998 WL

458060, at *6 (S.D.N.Y. Aug. 5, 1998) (finding Antigua to be an adequate alternative forum).  In

addition, the Second Circuit recently found that the courts of Aruba, another Caribbean country,

although not a former British colony, are an adequate alternative forum in a personal injury claim

arising from a New Yorker vacationing at a resort in Aruba.  *Wenzel*, --- F. App'x at ---, 2015

WL 6643262, at *1 (2d Cir. Nov. 2, 2015).  Given Plaintiff's failure to object and the ample

authority on the issue, the Court finds that St. Lucia is an adequate alternative forum.

### iii.  Public and private interest factors

Having determined that St. Lucia is an adequate alternative forum, the Court must

balance the private and public interest factors identified by the Supreme Court in *Gulf Oil Corp.*

*v. Gilbert*, 330 U.S. 501 (1947), in order to determine whether the motion should be granted.

*Iragorri*, 274 F.3d at 73–74 (citing *Gilbert*, 330 U.S. at 508–09); *see also In re Herald*, 540

F. App'x at 26 ("[A]t step three, a court balances the private and public interests implicated in

the choice of forum." (quoting *Norex*, 416 F.3d at 153)).  The analysis is fact-dependent, and no

one factor is dispositive.  *See DiRienzo*, 294 F.3d at 29 ("Because much of the doctrine's

strength derives from its flexibility and each case turns on its own facts, a single factor is rarely

dispositive." (citing *Piper Aircraft*, 454 U.S. at 249–50)).  Unless the balance of conveniences

strongly favors the defendant, a plaintiff's choice of forum "should rarely be disturbed."  *Id.* at

31 (quoting *Gilbert*, 330 U.S. at 508).

The private interest factors address the relative convenience of Plaintiff's chosen forum and the alternative forum. They include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Iragorri*, 274 F.3d at 73–74 (quoting *Gilbert*, 330 U.S. at 508). Balancing the private factors requires "a comparison between the hardships [the] defendant would suffer through the retention of jurisdiction and the hardships the plaintiff would suffer as the result of dismissal and the obligation to bring suit in another country." *In re Herald*, 540 F. App'x at 28 (quoting *Iragorri*, 274 F.3d at 74). The private factors weigh heavily in favor of dismissal when relevant witnesses and evidence are located in the foreign forum. *See Wenzel*, --- F. App'x at ---, 2015 WL 6643262, at *2 ("[T]he fact that '[t]he premises, equipment, employees, and other sources of proof relevant to establishing liability are, with the exception of [the] [p]laintiffs themselves, located entirely in Aruba' demonstrates that the private benefits support trying the case in Aruba." (second alteration in original) (quoting *Wenzel*, 2014 WL 6603414, at *6)); *In re Herald*, 540 F. App'x at 29 (holding "that the private factors pointed toward dismissal," in part, "in light of the fact that the vast majority of witnesses and documents are located [abroad]" (citation omitted)). When balancing the private interest factors in a negligence action, "[a] court might reach different results depending on whether the alleged negligence lay in the conduct of actors at the scene of the accident, or in the design or manufacture of equipment at a plant distant from the scene of the accident." *Iragorri*, 274 F.3d at 74.

The relevant public interest factors include: the "administrative difficulties" created by a congested court calendar; the fairness of imposing jury duty on a community that has "no

relation to the action"; the relative interests each forum has in the litigation, especially the desire to resolve local disputes locally; and the need for the domestic forum to apply foreign law. *Gilbert*, 330 U.S. at 508–09; *see also Chirag*, 604 F. App'x at 21 (including as public interest factors the "congested calendars of the Court, the 'local interest in having localized controversies decided at home. . . . [and the] appropriateness . . . in having the trial of a diversity case in a forum that is at home'" (alterations in original) (quoting *Iragorri*, 274 F.3d at 74); *Figueiredo Ferraz*, 665 F.3d at 389–90 ("Among the public interests are a local interest in having localized controversies decided at home and the interest in having foreign law interpreted by a foreign court." (citations and internal quotation marks omitted)).

### 1. The private factors weigh in favor of dismissal

Defendants argue that the private factors weigh in favor of dismissal because the majority of the evidence and witnesses are located in St. Lucia and the process to compel witnesses to testify in this Court is complicated and burdensome. (Defs. Mem. 17–18; Defs. Reply 9.) Plaintiff argues that most of the witnesses are in New York, Defendants have not identified the specific witnesses located in St. Lucia, and the process to compel any witness from St. Lucia is sufficient. (Pl. Opp'n 6–7.)

The private interests weigh in favor of dismissal because the relevant evidence and witnesses are located in St. Lucia. Although Plaintiff argues that Defendants "refer broadly" to potential witnesses in St. Lucia rather than specifically identifying these witnesses, at the motion to dismiss stage of the litigation, Defendants have met their burden. *See Piper Aircraft*, 454 U.S. at 258 (stating that defendants seeking *forum non conveniens* dismissal need not describe with specificity "the witnesses they would call and the testimony these witnesses would provide if the trial were held in the alternative forum," but rather "defendants must provide enough information

to enable the District Court to balance the parties' interests"); *see also RIGroup LLC v. Trefonisco Mgmt. Ltd.*, 949 F. Supp. 2d 546, 556 (S.D.N.Y. 2013) (finding that the location of witnesses favored dismissal even though defendants did not "identif[y] with specificity the non-party witnesses"), *aff'd*, 559 F. App'x 58 (2d Cir. 2014).

Defendants contend that Plaintiff's action will require an examination of the Resort employees charged with maintaining the relevant premises, expert testimony regarding the relevant duty of care under the law of St. Lucia, and a viewing of the premises, all of which are, or are likely to be, located in St. Lucia. (Defs. Mem. 17–18.) While, as Plaintiff argues, the "treating physicians and medical records" are in New York, (Pl. Opp'n 7), those witnesses and that evidence are only relevant to the issue of damages not to the issue of a liability, which depends on the duty Defendants owed to Plaintiff and whether that duty was breached. *See Wenzel*, 2014 WL 6603414, at *6 ("While it is not insignificant that [the injured plaintiff] received medical treatment in New York, this evidence is not relevant unless [the] [p]laintiffs are able to succeed in establishing liability." (citations omitted)). Thus, Plaintiff has identified only herself and her husband as the witnesses located in New York relevant to the issue of liability. Because all other relevant evidence and witnesses are located in St. Lucia, the private factors weigh strongly in favor of dismissal. *See Wenzel*, 2014 WL 6603414, at *6 (holding that the private interest factors weighed in favor of dismissal where the only witnesses in New York were the plaintiffs, who were husband and wife).[6]

_____

[6] Plaintiff argues that because the witnesses identified by Defendants are their employees, Defendants would be able to compel them to testify in New York. (Pl. Opp'n 7.) Even if true, there would still be significant costs associated with bringing those witnesses to New York, assuming they could obtain the necessary visas to enter the United States. In contrast, Plaintiff has demonstrated that she is able to enter St. Lucia. Thus, this specific factor favors Defendants. *See Hyundai Merchant Marine Co., Ltd., v. Mitsubishi Heavy Indus., Ltd.,*

## 2.   The public factors weigh in favor of dismissal

Defendants argue that the public factors also weigh in favor of dismissal because

St. Lucia has a strong interest in resolving the dispute locally and because St. Lucian law governs

this action.  (Defs. Mem. 21–22.)  Plaintiff argues that New York has the greater public interest

and that New York law governs Plaintiff's claim.  (Pl. Opp'n 7–8.)  The Court considers each of

the disputed public interest factors.[7]

### A.   St. Lucia has the greater interest in Plaintiff's action

In determining the relative interests competing forums have in an action, the Supreme

Court has recognized that "[t]here is a local interest in having localized controversies decided at

home."  *Gilbert*, 330 U.S. at 509; *see also In re Arbitration between Monegasque de*

*Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488, 500–01 (2d Cir. 2002) ("[T]here

is no reason why localized matters should not be determined by the courts of the locale bearing

the most significant contacts with them.").  A plaintiff's home state has an interest in "protecting

its citizens when they vacation out of state."  *McCrann v. RIU Hotels S.A.*, No. 09-CV-9188,

2010 WL 5094396, at *7 (S.D.N.Y. Dec. 6, 2010).  Foreign forums also have an interest in

resolving tort claims arising out of personal injuries suffered on their soil, particularly when the

action implicates the tourism industry and that industry is of importance to the foreign forum.

*Wenzel*, 2014 WL 6603414, at *7 ("[T]his case implicates the hotel and tourism industry of

Aruba, and Aruba has a much greater interest in such matters than New York." (citation

---

No. 14-CV-7965, 2015 WL 7758876, at *6 (S.D.N.Y. Dec. 1, 2015) (finding that even if the
defendant could "provide for [its employees'] travel arrangements" to testify in New York, doing
so would be "impractical and unduly burdensome" and that this expense "weigh[ed] in favor of
the Japanese forum").

[7]   The parties make no arguments regarding the relative congestion of this Court and the
courts of St. Lucia, nor do they discuss the fairness of imposing jury duty on the citizens of the
Eastern District of New York.

omitted)); *see also McCrann*, 2010 WL 5094396, at *7 (holding that New York's interest was outweighed by "Aruba's interest in retaining jurisdiction over this dispute, which involves claims brought principally against its citizens arising out of activities that took place on its soil in connection with its leading industry — tourism"); *Guimond v. Wyndham Hotels & Resorts*, No. 95-CV-0428, 1996 WL 281959, at *5 (S.D.N.Y. May 29, 1996) ("Jamaica . . . would certainly have an interest in adjudicating an action concerning a dispute that arose within its borders, especially where it concerns Jamaica's tourist industry — undoubtedly one of the mainstays of its economy.").

Here, Plaintiff's action arises from personal injury suffered in St. Lucia, in which the claim is one of negligence on the part of the Resort. Thus, for relevant purposes, it is indistinguishable from other cases where the Second Circuit and other courts have found that Caribbean forums have a greater interest than the state of New York in deciding tort actions that implicate their tourism industry. *See Wenzel*, --- F. App'x at ---, 2015 WL 6643262, at *2 (affirming *forum non conveniens* dismissal of personal injury action where injury occurred in Aruba, in part, because "the importance of the hotel and tourism industry to Aruba support Aruba as the forum"); *Feinstein*, 1998 WL 458060, at *6 (finding that "[t]he facts of this case inevitably implicate tourism, which is a large part of the Antiguan economy, and thus Antigua has a strong interest in deciding this case locally" since the plaintiff was injured while vacationing in Antigua). Any interest New York has in this case is outweighed by St. Lucia's interest. *See McCrann*, 2010 WL 5094396, at *7 (holding that New York's interest is outweighed by Aruba's where "Aruba has an interest in resolving disputes involving incidents that arise out of its tourism industry, particularly when the dispute alleges negligent conduct by

an Aruban hotel").[8]

### B.  The law of St. Lucia applies to Plaintiff's action

To determine whether the instant action would require the Court to interpret foreign law, the Court must analyze whether the law of New York or St. Lucia would apply to Plaintiff's claims.  "Where jurisdiction is predicated on diversity of citizenship, a federal court must apply the choice-of-law rules of the forum state."  *Thea v. Kleinhandler*, --- F.3d ---, ---, 2015 WL 6684322, at *4 (2d Cir. Nov. 3, 2015) (citing *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012)); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  "New York courts confronted with a choice of law issue in torts conduct an 'interest analysis,' assessing which of the competing jurisdictions has the greatest interest in seeing its law applied to the matter at issue."  *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 50 (2d Cir. 2005) (quoting *Padula v. Lilarn Properties Corp.*, 84 N.Y.2d 519, 521 (1994)).  "[T]he interest analysis is applied differently depending on whether the rules in question are conduct-regulating rules that people use as a guide to governing their primary conduct, or loss-allocating rules that prohibit, assign, or limit liability after the tort occurs."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 49 (2d Cir. 2013) (citation and internal quotation marks omitted).  Standards of care are conduct-regulating rules.  *Cooney v. Osgood Mach., Inc.*, 81 N.Y.2d 66, 72 (1993); *see also Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 423

---

[8]  Because St. Lucia has a greater interest in this action, it would be inappropriate to impose the burden of jury duty on citizens of this district.  *See Wenzel v. Marriott Int'l, Inc.*, No. 13-CV-8335, 2014 WL 6603414, at *7 (S.D.N.Y. Nov. 17, 2014) ("[I]t would be burdensome to require New York's citizens to serve as jurors in an action so devoid of local interest." (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947))), *aff'd*, 2015 WL 6643262 (2d Cir. Nov. 2, 2015).

(S.D.N.Y. 2013) ("Conduct-regulating rules are defined as those that 'have the prophylactic effect of governing conduct to prevent injuries from occurring.'" (quoting *Padula*, 84 N.Y.2d at 522)). When a conduct-regulating rule is at issue, "the law of the jurisdiction where the [allegedly tortious act] occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." *Licci*, 739 F.3d at 49 & n.3 (alteration in original) (collecting cases); *see also Bullock v. Caesars Entm't Corp.*, 83 F. Supp. 3d 420, 423 (E.D.N.Y. 2015) (noting that when a conduct-regulating rule is at issue, "the law of the place of the tort 'will usually have a predominant, if not exclusive, concern'" (quoting *Padula*, 84 N.Y.2d at 522)).

Here, the law of St. Lucia applies. The relevant issue in this action, whether Plaintiff was injured because Defendants breached the standard of care owed to her as the Resort's guest, is conduct-regulating. Therefore, the foreign forum has a greater interest in seeing its law applied. *See Wenzel*, 2014 WL 6603414, at *7 (finding that the court would have to apply the law of Aruba to the plaintiffs' personal injury action where the plaintiff was injured at an Aruban resort (citing *Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*, 81 F.3d 1224, 1234 (2d Cir. 1996) (citation omitted)); *McCrann*, 2010 WL 5094396, at *7 ("Because the injury occurred in Aruba, this Court would have to apply Aruban law; New York choice-of-law rules require resolving disputes in tort cases by applying the law of the place of injury, unless special circumstances warrant a departure from this general rule."); *Guimond v. Wyndham Hotels & Resorts*, No. 95-CV-0428, 1996 WL 281959, at *5 (S.D.N.Y. May 29, 1996) (applying Jamaican law to a personal injury action where the plaintiff was injured at a Jamaican resort hotel); *Becker v. Club Las Velas*, No. 94-CV-2412, 1995 WL 267025, at *5 & n.1 (S.D.N.Y. May 8, 1995) (finding, in a personal injury action brought by New York plaintiffs injured while vacationing in

Mexico, that Mexican law would govern a determination of liability, because "the place of the injury has the greatest interest in regulating conduct and therefore that law applies" (citing *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 197 (1985))), *aff'd*, 101 F.3d 684 (2d Cir. 1996). Thus, the law of St. Lucia, where the alleged tort occurred, governs this suit.

Because balancing both the private and public factors favors Defendants, the Court concludes that this action should be decided in St. Lucia. *See In re Alcon S'holder Litig.*, 719 F. Supp. 2d at 275 ("Because the core events, operative facts, applicable law, and associated public policy interests at issue are predominantly local to Switzerland, the Court agrees with [the defendant] and finds that the dispute should be resolved in Switzerland."). Accordingly, even if the Court could exercise personal jurisdiction, the action must be dismissed for *forum non conveniens*.[9]

## III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss the Amended Complaint because of lack of personal jurisdiction and *forum non conveniens*.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: December 28, 2015
      Brooklyn, New York

---

[9] In view of the Court's decision dismissing the action for lack of personal jurisdiction and *forum non conveniens*, it declines to decide Defendants' argument that Plaintiff failed to properly serve the Amended Complaint on Sandals.